UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT |
| | ) | (Three Counts) |
| | ) | |
| v. | ) | Case No. 3:20-cr-84 DRL |
| | ) | |
| | ) | |
| JAY KILLIAN | ) | 18 U.S.C. §§ 1343, 1344 |

**THE GRAND JURY CHARGES:**

*Introduction*

1. At all times relevant to this Indictment, the defendant,

**JAY KILLIAN**,

resided in the Northern District of Indiana.

2. In addition, at all times relevant to this Indictment, KILLIAN was employed at a business, "Business A" as a vice president in charge of accounting. Business A is located in Elkhart, Indiana, in the Northern District of Indiana.

3. Business A had at all times relevant to this Indictment a bank account at "Bank X," which is insured by the Federal Deposit Insurance Company.

4. As part of his duties while working for Business A, KILLIAN was entrusted to approve and sign all Business A checks, and KILLIAN was one

of two employees who was entrusted with full access to the company's online banking account. KILLIAN was also responsible for balancing the company checking account.

*Means and Manner of the Scheme*

5.    From in or about the year 2006 and continuing through in or about March of 2017, in the Northern District of Indiana and elsewhere, KILLIAN, with the intent to defraud, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

6.    The purpose of the scheme was to defraud KILLIAN's employer and to obtain money for KILLIAN's personal use and benefit.

7.    It was part of the scheme that KILLIAN would write company checks payable to petty cash, endorse the checks, cash the checks, and take the cash for his personal use.

8.    It was a further part of the scheme that KILLIAN would conceal the theft by making of copy of a blank, pre-printed company check. KILLIAN would use the Business A accounting software to create a phony check payable to an approved company vendor in varying amounts, usually greater than $700.00. KILLIAN would then print a "blue copy" of the phony check to put in the physical file. KILLIAN would then take the actual company check

and use a typewriter to make it payable to petty cash in the same amount as the "blue copy." KILLIAN would then endorse the check and cash it at the branch of Bank X closest to his house.

9. It was a further part of the scheme that KILLIAN would conceal his actions by printing a reconciliation statement every month from the Business A online banking account, which included check numbers and amounts but did not include copies of the checks. KILLIAN would then give the administrative assistant the reconciliation statement and the check register that included the "blue copy" checks, and KILLIAN would ask the administrative assistant to make sure the check numbers and amounts matched. This way, KILLIAN concealed the fact that the real checks were made to petty cash.

10. It was a further part of the scheme that KILLIAN would use a company credit card for personal use.

11. It was a further part of the scheme that KILLIAN would conceal his personal use of the company credit card by coding his credit card charges as "Employee Accounts Receivable" in the accounting software. But at the end of each quarter, KILLIAN would make a journal entry in the accounting software to transfer the "Employee Accounts Receivable" expenses to "Group Insurance Reserve."

12. It was a further part of the scheme that KILLIAN would use two different company gas credit cards for personal expenses.

13. As a result of the scheme, and over the entire time period of the scheme, KILLIAN stole at least several hundred thousand dollars from Business A.

## COUNT 1
### (Wire Fraud, 18 U.S.C. § 1343)

14. The allegations in Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated here.

15. On or about the dates listed below, in the Northern District of Indiana, the defendant,

**JAY KILLIAN,**

for the purpose of executing and attempting to execute the scheme to defraud described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, or sounds, as specified below:

| Count | Date* | Transmission |
|---|---|---|
| 1 | September 24, 2016 | Electronic communication from a retail store in Goshen, Indiana, to Company A's corporate credit card company in New York, NY, requesting approval for the purchase of personal items in the amount of $239.64. |

*All dates are on or about.

All in violation of Title 18, United States Code, Section 1343.

4

## COUNTS 2 - 3
## (Bank Fraud, 18 U.S.C. § 1344)

16. The allegations in Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated here.

17. On or about the dates listed below, in the Northern District of Indiana, the defendant,

**JAY KILLIAN,**

for the purpose of knowingly executing and attempting to execute the above-described scheme, obtained and attempted to obtain money and funds under the custody and control of Bank X, an FDIC-insured banking institution, by means of false and fraudulent pretenses and representations, each act constituting a separate count:

| Count | Date* | Transaction |
|---|---|---|
| 2 | July 13, 2016 | Business A check number 73245 made out to the order of Business A Petty Cash in the amount of $743.58 and endorsed and cashed by Jay KILLIAN |
| 3 | September 6, 2016 | Business A check number 73602 made out to the order of Business A Petty Cash in the amount of $789.59 and endorsed and cashed by Jay KILLIAN |

*All dates are on or about.

All in violation of Title 18, United States Code, Section 1344(2).

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 – 3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count 1 of this Indictment, the defendant,

**JAY KILLIAN**,

shall forfeit to the United States pursuant to Title 18, United Stats Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the respective offense(s).

Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1344 set forth in Counts 2 and 3 of this Indictment, the defendant,

**JAY KILLIAN**,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A) any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

The property to be forfeited includes, but is not limited to, the amount of proceeds obtained as a result of the offenses in this Indictment.

6

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(A), and 28 U.S.C. § 2461(c).

DATED: September 9, 2020

A TRUE BILL:

s/ Foreperson

_____
Grand Jury Foreperson

APPROVED BY:

THOMAS L. KIRSCH II
UNITED STATES ATTORNEY

By:   s/ Jerome W. McKeever
_____
Jerome W. McKeever
Assistant United States Attorney

7